UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : : : | Criminal No. 10-633 (SRC) |
| Plaintiff, | : : |  |
| v. | : : | OPINION & ORDER |
| ANIA NOWAK and ZBIGNIEW CICHY, | : : |  |
| Defendants. | : : : |  |

**CHESLER**, District Judge

  Plaintiff the United States of America (the "Government") has moved for an order, pursuant to the All Writs Act, 28 U.S.C. § 1651(a), compelling pro se Defendant Ania Nowak ("Nowak") to comply with a subpoena issued under Rule 17(c) of the Federal Rules of Criminal Procedure for compulsion of handwriting exemplars [docket entry 180]. Nowak has opposed the motion. The Court has considered the parties' submissions.

  The law is clear that compelling a handwriting exemplar from a defendant does not violate the Constitution. See United States v. Mara, 410 U.S. 19, 21 (1973) (holding that compelling a handwriting exemplar does not implicate the Fourth Amendment because there is no expectation of privacy in the physical characteristics of a person's script); Gilbert v. California, 388 U.S. 263, 266-67 (1967) (holding that handwriting is a physical characteristic, not a communication, and therefore is outside the protection of the Fifth Amendment). Pretrial

compulsion of handwriting exemplars requires demonstration of the following four factors:

>(1) that the exemplars are relevant and evidentiary;
>
>(2) that the exemplars are not otherwise procurable reasonably in advance of trial;
>
>(3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that failure to obtain such inspection may unreasonably delay the trial; and
>
>(4) that the application is made in good faith and is not intended as a general fishing expedition.

United States v. Vanegas, 112 F.R.D. 235 (D.N.J. 1986) (citing United States v. Nixon, 418 U.S.683, 699–700 (1974)).

The Court finds that the Government has made the showing required for this Court to issue the requested order. The exemplars are relevant to proving that Nowak signed certain loan documents, particularly in light of Nowak's defense that some of the documents contain forged signatures. The exemplars sought are not procurable other than through Nowak providing them to the Government. Production of the exemplars in advance of trial is necessary to permit the Government's expert to conduct handwriting comparisons of the exemplars and loan documents and thus is necessary for the Government's proper trial preparation. Finally, the Court finds that the Government's request for exemplars is a tailored request for relevant evidence and has been made in good faith.

Accordingly,

**IT IS** on this 14th day of May, 2012,

**ORDERED** that the Government's motion to compel Nowak to comply with a subpoena issued under Rule 17(c) of the Federal Rules of Criminal Procedure for compulsion of

handwriting exemplars [docket entry 180] be and hereby is **GRANTED**; and it is further

**ORDERED** that Nowak shall provide handwriting exemplars to the Government at the United States Attorney's Office, 970 Broad Street, Newark, New Jersey, at a time directed by the Government as soon as practical; after the issuance of this Order.

                                                                 s/Stanley R. Chesler
                                                             STANLEY R. CHESLER
                                                             United States District Judge