UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA,

           Plaintiff,

v.

ANIA NOWAK and ZBIGNIEW CICHY,

           Defendants.

Criminal No. 10-633 (SRC)

OPINION & ORDER

### CHESLER, District Judge

    The United States of America (the "Government") has moved for an order, compelling pro se Defendant Ania Nowak ("Nowak") to comply with the Court's Order, issued from the bench on June 24, 2013 and later incorporated into a written order filed July 15, 2013, directing Nowak to provide the Government with handwriting exemplars. The Court will hereinafter refer to that order as the "Handwriting Exemplars Order." The Government has also made a motion for the Court to appoint standby counsel for Nowak. Nowak has filed a letter, dated August 19, 2013, opposing the Government's motion. The Court will address each request made by the Government in turn.

    The Handwriting Exemplars Order reaffirmed the Court's earlier order of May 14, 2012 granting the Government's motion to compel Nowak to comply with a Rule 17(c) subpoena for her handwriting exemplars. It directed the parties to perform certain tasks associated with

Nowak's provision of exemplars and set a timetable for those tasks. The Government, as directed, submitted its proposed handwriting procedure to Nowak on June 28, 2013. The Handwriting Exemplars Order provided Nowak an opportunity to raise objections to the proposed procedure within five days thereof. To date, Nowak has neither advised the Government of any objections to the procedure nor otherwise complied with the procedure set forth in the Handwriting Exemplars Order. Instead, when asked by the Government for cooperation on selecting a mutually convenient date for the taking of her handwriting exemplars at the Newark, New Jersey office of the United States Attorney, Nowak unilaterally cut off any progress in satisfying the terms of the Handwriting Exemplars Order by advising the Government that "[a]s for my objections to the taking of the exemplars procedures, the entire matter is currently under the jurisdiction of the Court of Appeals." (Gov't Mem. Ex. B.)

Despite a lengthy response by Nowak to the Government's instant motion, Nowak raises no justifiable basis for her continuing refusal to comply with the Court's directives, first made in the May 14, 2012 Order compelling compliance with the Rule 17(c) subpoena and later reaffirmed in the Handwriting Exemplars Order. Nowak's belief that her attempted interlocutory appeal of the Handwriting Exemplars Order (as well as her interlocutory appeal of an oral ruling issued on May 23, 2013) divests this Court of jurisdiction lacks any legal grounds. Indeed, the opposite rule applies here. The Third Circuit has held that "in both civil and criminal cases . . . the jurisdiction of the lower court to proceed in a cause is not lost by the taking of an appeal from an order or judgment which is not appealable." Venen v. Sweet, 758 F.2d 117, 121 (3d Cir. 1985). Otherwise, the Court of Appeals reasoned, a litigant would be able to cause great disruption to the trial court proceedings, "bringing proceedings in the district court to a standstill

while a non-appealable ruling wends its way through the appellate process." Id. With few, narrowly-tailored exceptions, only final orders are appealable. 28 U.S.C. § 1291; United States v. Williams, 413 F.3d 347, 354 (3d Cir. 2005) (recognizing an exception to the final judgment rule for "collateral orders," but emphasizing that it is to be applied narrowly in the criminal context). A judgment or order is "final" "when it terminates the litigation between the parties on the merits of the case, and leaves nothing to be done but to enforce by execution what has been determined." Parr v. United States, 351 U.S. 513, 518 (1956). The final judgment rule "prohibits appellate review until conviction and imposition of sentence." Flanagan v. United States, 465 U.S. 259, 263 (1984). Nowak, in her opposition to the current motion, rejects both the final judgment rule and the collateral order doctrine and states, without legal authority, that jurisdiction over this action now lies with the Third Circuit Court of Appeals due to "extraordinary circumstances." (Def. Op. Br. at 5.)

Neither the Handwriting Exemplars Order nor the oral ruling of May 23, 2013 also appealed by Nowak is an appealable order. Indeed, the Court notes that the Third Circuit's June 17, 2013 Order concerning her appeal of the May 23, 2013 Order states that the order "is not final and not otherwise appealable at this time," citing the Supreme Court's decision in Flanagan. (Gov't Mem. Ex. C.) As such, this Court retains jurisdiction over this action and has the authority to enforce its orders, including the Handwriting Exemplars Order. Continued non-compliance with the Court's orders compelling Nowak to provide handwriting exemplars is not justified, particularly in light of the approaching trial date of November 12, 2013. Nowak's appeals of non-appealable orders cannot be permitted to disrupt these proceedings or further delay trial.

The Court will therefore direct that, no later than Tuesday, September 17, 2013, Nowak provide the Government with three dates, falling between September 11, 2013 and October 11, 2013 inclusive, on which she is available to provide the handwriting exemplars, and will further direct that she provide the handwriting exemplars on the selected, mutually convenient date. The Court will direct that the handwriting exemplars be taken according to the procedures outlined by the Government in its proposal, transmitted to Nowak by email of June 28, 2013. (See Gov't Mem. Ex. A.) That communication and the procedures it set forth are attached to this Order as Exhibit A.

Turning now to the Government's request for appointment of standby counsel, the Court may in its discretion appoint "standby counsel" to serve in an action in which a defendant has exercised her right to represent herself. See McKaskle v. Wiggins, 465 U.S. 168, 184 (1984). Standby counsel may be warranted if the Court determines that participation by an attorney will "act as a safety net to insure that the litigant receives a fair hearing of his claims and [will] allow the trial to proceed without the undue delays likely to arise when layman presents his own case." United States v. Bertoli, 994, F.2d 1002, 1018-19 (3d Cir. 1993). Indeed, a key function fulfilled by standby counsel is to relieve the court of obstacles that may arise given the pro se defendant's lack of familiarity with the rules of courtroom protocol and other basic matters. Id. at 1019. The Court will consider the Government's request but need not make a determination regarding the appointment of standby counsel at this time. The parties should, however, be prepared to discuss this issue at the next status conference.

Accordingly,

IT IS on this 10th day of September, 2013,

**ORDERED** that the Government's motion to compel Nowak to provide handwriting exemplars, as directed by the Court's Orders of May 14, 2012, June 24, 2013 and July 15, 2013, be and hereby is **GRANTED**; and it is further

**ORDERED** that no later than Tuesday, September 17, 2013, Nowak shall advise the Government, in writing, of three alternate dates falling between September 11, 2013 and October 11, 2013, inclusive, on which she is available to provide the handwriting exemplars; and it is further

**ORDERED** that on the date selected by the Government from the three dates proposed by Nowak, Nowak shall provide the handwriting exemplars to the Government at the United States Attorney's Office, 970 Broad Street, Newark, New Jersey; and it is further

**ORDERED** that Nowak's handwriting exemplars shall be taken according to the procedure outlined by the Government in its June 28, 2013 communication with Nowak, attached hereto as Exhibit A; and it is further

**ORDERED** that the Court will defer consideration and determination of the Government's request that the Court appoint standby counsel to a future date in advance of trial.

                                              _s/Stanley R. Chesler_
                                              STANLEY R. CHESLER
                                              United States District Judge

# EXHIBIT A



**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

*970 Broad Street, Suite 700*
*Newark, NJ 07102*

*973/645-2700*

June 28, 2013

<u>BY ELECTRONIC MAIL</u>
Ms. Ania Nowak
157 Pequest Drive
Belvidere, NJ 07823

Re: United States v. Ania Nowak, et al.
<u>Crim. No. 10-633 (SRC)</u>

Dear Ms. Nowak:

Enclosed please find a description of the Government's proposed procedure for the taking of your handwriting exemplars. Thank you for your attention to this matter.

Very truly yours,

PAUL J. FISHMAN
United States Attorney

By: SHIRLEY U. EMEHELU
Assistant U.S. Attorney

cc: The Hon. Stanley R. Chesler, U.S.D.J. (by email)
Bruce Rosen, Esq. (by email)

Enc.

United States v. Ania Nowak, Crim. No. 10-633-01

## Government's Proposed Procedure for the Taking of Handwriting Exemplars from Defendant Ania Nowak

1. Exemplars of Ms. Nowak's handwriting will be taken in a conference room at the U.S. Attorney's Office.
2. The exemplars will be taken by the Government's handwriting expert, Mr. Dennis Ryan of Applied Forensics, in the presence of an agent(s) of the Federal Bureau of Investigation.
3. Ms. Nowak will be asked to sit in a comfortable writing position.
4. Directions will be provided to Ms. Nowak on providing natural and freely-written exemplars.
5. Ms. Nowak will be asked if there is any reason why she cannot not provide free and naturally prepared exemplars.
6. Ms. Nowak will be told that if she needs to take a break, she only needs to ask.
7. Ms. Nowak will be instructed that to correct a mistake, she should draw a single line through the mistake and write the correct words adjacent to the mistake.
8. Ms. Nowak will be asked to initial any corrections.
9. Ms. Nowak will be provided with the writing instrument and the paper to provide the exemplars.
10. Ms. Nowak will be told that if she does not understand the instructions, her questions will be answered.
11. Ms. Nowak will be asked to provide hand-printed and handwritten (cursive) exemplars on a general handwriting form attached hereto as **Exhibit A**.
12. Ms. Nowak will also be provided copies of the questioned documents – with the word "VOID" printed across them – where the questioned writing has been removed. Ms. Nowak will then be asked to sign or write in particular entries on the documents.

United States v. Ania Nowak, Crim. No. 10-633-01

# EXHIBIT A

# HANDWRITING SPECIMEN - Part A

**Please WRITE - Do not print**
using *capital letters* of the Alphabet

| A | B | C | D | E | F | G | H | I | J | K | L | M |

| N | O | P | Q | R | S | T | U | V | W | X | Y | Z |

**Please WRITE - Do not print**
using *lower case letters* of the Alphabet

| a | b | c | d | e | f | g | h | i | j | k | l | m |

| n | o | p | q | r | s | t | u | v | w | x | y | z |

**Please WRITE - Do not print**
the following *numbers*

| One | Two | Three | Four |
| Five | Six | Seven | Eight |
| Nine | Ten | Eleven | Twelve |
| Thirteen | Fourteen | Fifteen | Sixteen |
| Seventeen | Eighteen | Nineteen | Twenty |
| Thirty | Forty | Fifty | Sixty |
| Seventy | Eighty | Ninety | Hundred |

Written by _____ at _____ Date _____

**Please WRITE - Do not print**
the following *numbers*

_____   _____
Twenty-four                       Twenty-one

_____   _____
Thirty-three                      Thirty-nine

_____   _____
Forty-six                         Forty-eight

_____   _____
Fifty-two                         Fifty-seven

_____   _____
Sixty-one                         Sixty-two

_____   _____
Seventy-five                      Seventy-eight

_____   _____
Eighty-three                      Eighty-four

_____   _____
Ninety-six                        Ninety-nine

*Written by* _____ *at* _____ *Date* _____
*Witnessed by* _____ *Date* _____

# HANDWRITING SPECIMEN - Part C

**Please WRITE - Do not print**
the following *days and dates*

January 15, 1979 _____    February 23, 1980 _____

March 18, 1981 _____    April 9, 1982 _____

May 27, 1983 _____    June 10, 1984 _____

July 25, 1985 _____    August 31, 1986 _____

September 20, 1987 _____    October 30, 1988 _____

November 6, 1989 _____    December 29, 1990 _____

January 22, 1991 _____    February 16, 1992 _____

March 31, 1993 _____    April 28, 1994 _____

May 2, 1995 _____    June 17, 1996 _____

Monday _____    Tuesday _____    Wednesday _____

Thursday _____    Friday _____    Saturday _____

Sunday _____    Mon. _____    Tues. _____

Wed. _____    Thurs. _____    Fri. _____

Sat. _____    Sun. _____

Written by _____ at _____ Date _____
Witnessed by _____                                              Date

# HAND PRINTING SPECIMEN - Part A

**Please PRINT - Do not write**
using *capital letters* of the Alphabet

| A | B | C | D | E | F | G | H | I | J | K | L | M |

| N | O | P | Q | R | S | T | U | V | W | X | Y | Z |

**Please PRINT - Do not write**
using *lower case letters* of the Alphabet

| a | b | c | d | e | f | g | h | i | j | k | l | m |

| n | o | p | q | r | s | t | u | v | w | x | y | z |

**Please PRINT - Do not write**
the following *numbers*

| One | Two | Three | Four |
| --- | --- | --- | --- |
| Five | Six | Seven | Eight |
| Nine | Ten | Eleven | Twelve |
| Thirteen | Fourteen | Fifteen | Sixteen |
| Seventeen | Eighteen | Nineteen | Twenty |
| Thirty | Forty | Fifty | Sixty |
| Seventy | Eighty | Ninety | Hundred |

*Written by* _____ *at* _____ *Date* _____

# HAND PRINTING SPECIMEN - Part B

**Please PRINT - Do not write**
the following *numbers*

Twenty-four _____    Twenty-one _____

Thirty-three _____   Thirty-nine _____

Forty-six _____      Forty-eight _____

Fifty-two _____      Fifty-seven _____

Sixty-one _____      Sixty-two _____

Seventy-five _____   Seventy-eight _____

Eighty-three _____   Eighty-four _____

Ninety-six _____     Ninety-nine _____

Written by _____ at _____ Date _____
Witnessed by _____                          Date _____

# HAND PRINTING SPECIMEN - Part C

**Please PRINT - Do not write**
the following *days and dates*

January 15, 1979 _____   February 23, 1980 _____

March 18, 1981 _____   April 9, 1982 _____

May 27, 1983 _____   June 10, 1984 _____

July 25, 1985 _____   August 31, 1986 _____

September 20, 1987 _____   October 30, 1988 _____

November 6, 1989 _____   December 29, 1990 _____

January 22, 1991 _____   February 16, 1992 _____

March 31, 1993 _____   April 28, 1994 _____

May 2, 1995 _____   June 17, 1996 _____

Monday _____   Tuesday _____   Wednesday _____

Thursday _____   Friday _____   Saturday _____

Sunday _____   Mon. _____   Tues. _____

Wed. _____   Thurs. _____   Fri. _____

Sat. _____   Sun. _____

Written by _____ at _____ Date_____

Witnessed by _____ Date_____